**BURLINGTON GAZETTE CO. v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 10006.**

Circuit Court of Appeals, Eighth Circuit.
Jan. 22, 1935.

Rehearing Denied Feb. 18, 1935.

Arnold L. Guesmer, of Minneapolis, Minn., for petitioner.

L. W. Post, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Ellis N. Slack, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before SANBORN, WOODROUGH, and BOOTH, Circuit Judges.

WOODROUGH, Circuit Judge.

This is an appeal from a decision of the Board of Tax Appeals (opinion unreported) determining deficiencies in the petitioner's income taxes for the calendar years 1928, 1929, and 1930 in the amounts of $312.85, $867.10, and $1,162.89, respectively.

Briefly the facts are as follows: The petitioner is an Iowa corporation organized late in 1920. On January 1, 1921, it took over certain assets of a partnership for which it issued its stock to the partners in substantial proportion to their respective interests in such property. No gain or loss to the transferors from the transaction was recognized (Revenue Act 1928, § 112 (b) (5), 45 Stat. 791, 816, 26 USCA § 2112 (b) (5). The assets taken over consisted of one group made up of "machinery and equipment" and another of "furniture and fixtures." The cost to the partnership of the assets of the first group was $41,544.52, and for the last $6,065.68, a total of $47,610.20. In the years preceding the transfer of these assets to the petitioner, the partnership had been allowed aggregate depreciation deductions in the amount of $11,045.50 on the machinery and equipment, and $3,266.32 on the furniture and fixtures, a total of $14,311.82. In the years 1921 to 1927, inclusive, the petitioner was allowed depreciation deductions on both groups of assets at the rate of 10 per cent. upon the cost base used by the partnership. At the end of 1927 such accumulated deductions for depreciation allowed to petitioner and the predecessor partnership equaled the original cost of such assets.

The taxpayer asserted the right to deductions for depreciation for the years in dispute at the same rate upon the cost base to the transferor. The Commissioner disallowed such deductions on the ground that the assets had been fully depreciated when the aggregate deductions allowed the partnership and this taxpayer were considered. The Board of Tax Appeals affirmed the action of the Commissioner.

The parties agree that the basis for the allowance of depreciation on the property in question was $47,610.20, which represented the cost of the property to the transferor. Revenue Act 1928, § 113 (a) (8), 45 Stat. 791, 818, 26 USCA § 2113 (a) (8).

The only question on appeal is whether the taxpayer is entitled to further deductions for depreciation on the property acquired from the partnership in a transfer involving no gain or loss to the transferor, where the cost of such property has been fully returned through deductions for depreciation previously allowed the partnership and this taxpayer.

The Supreme Court has said that: "The amount of the allowance for depreciation is the sum which should be set aside for the taxable year, in order that, at the end of the useful life of the plant in the business, the aggregate of the sums set aside will (with the salvage value) suffice to provide an amount equal to the original cost." United States v. Ludey, 274 U. S. 295, 47 S. Ct. 608, 610, 71 L. Ed. 1054.

If the petitioner is permitted to recover depreciation allowances for the years involved, it is, in fact, recovering sums in excess of the original cost of the capital assets. The precise question we have here was involved in B. F. Shaw Printing Co. v. Helvering, 63 App. D. C. 319, 72 F.(2d) 187, 188. The court, in sustaining the Commissioner's action in disallowing such proposed deductions, said:

"In other words, the printing establishment merely passed from private to corporate ownership; the private owner becoming the owner of the corporation. It follows, therefore, that so far as computation for depreciation is concerned, the transferee merely steps into the position of the transferor; and, having done so, assumes as a basis for computation of depreciation the cost of the assets to the transferor. Having assumed this position, the transferee, as expressed in the opinion of the Board, 'cannot then step out of that position in fixing the total amount of depreciation allowable as contended by petitioner. To follow such theory would permit double deduction for the loss of the same capital assets, and be wholly incompatible with the entire rationale upon which is based the deductibility of depreciation in computing income taxes.'

"In other words, to permit petitioner corporation, when it stepped into the shoes of Shaw, to start anew as a basis of depreciation the original cost of the machinery and equipment, would enable it ultimately to absorb in depreciation the amount of $8,515.95, paid by Shaw in the two years prior to the transfer. This is contrary to the theory of the law."

When the annual deductions allowed for depreciation equaled the cost of such assets to the partnership, the depreciation base had been fully returned, and further deductions would result in duplication.

The decision of the Board of Tax Appeals is affirmed.